IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LABORERS' PENSION FUND, and LABORERS' WELFARE FUND OF THE HEALTH AND WELFARE DEPARTMENT OF THE CONSTRUCTION AND GENERAL LABORERS' DISTRICT COUNCIL OF CHICAGO AND VICINITY, and LABORERS' DISTRICT COUNCIL RETIREE HEALTH AND WELFARE FUND, and JAMES S. JORGENSEN, Administrator of the Funds, <br><br>Plaintiffs,<br><br>v.<br><br>B & E AQUATICS, INC., an Illinois corporation,<br><br>Defendant. | Case No. 16 C 9815<br><br>Judge |

## COMPLAINT

Plaintiffs, Laborers' Pension Fund, and Laborers' Welfare Fund of the Health and Welfare Department of the Construction and General Laborers' District Council of Chicago and Vicinity, and Laborers' District Council Retiree Health and Welfare Fund (collectively "Funds") and James S. Jorgensen (hereinafter "Jorgensen"), Administrator of the Funds, by their attorneys, Patrick T. Wallace, Jerrod Olszewski, Amy N. Carollo, Katherine Mosenson, Kelly Carson, and G. Ryan Liska, for their Complaint against Defendant B & E Aquatics, Inc., an Illinois corporation, state:

### COUNT I

**(Failure To Submit Delinquent Employee Benefit Contributions as Revealed by an Audit)**

1. Jurisdiction is based on Sections 502(e)(1) and (2) and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§1132 (e)(1) and

(2) and 1145, Section 301(a) of the Labor Management Relations Act ("LMRA") of 1947 as amended, 29 U.S.C. §185(a), 28 U.S.C. §1331, and federal common law.

2. Venue is proper pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. §1132(e)(2), and 28 U.S.C. §1391 (a) and (b).

3. The Funds are multiemployer benefit plans within the meanings of Sections 3(3) and 3(37) of ERISA. 29 U.S.C. §1002(3) and 37(A). They are established and maintained pursuant to their respective Agreements and Declarations of Trust in accordance with Section 302(c)(5) of the LMRA. 29 U.S.C. § 186(c)(5). The Funds have offices and conduct business within this District.

4. Plaintiff James S. Jorgensen ("Jorgensen") is the Administrator of the Funds, and has been duly authorized by the Funds' Trustees to act on behalf of the Funds in the collection of employer contributions owed to the Funds and to the Construction and General District Council of Chicago and Vicinity Training Fund, and with respect to the collection by the Funds of amounts which have been or are required to be withheld from the wages of employees in payment of Union dues for transmittal to the Construction and General Laborers' District Council of Chicago and Vicinity (the "Union"). With respect to such matters, Jorgensen is a fiduciary of the Funds within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. §1002(21)(A).

5. Defendant B & E Aquatics, Inc. (hereinafter the "Company") is an Illinois corporation. Company does business within this District, and was at all times relevant herein an employer within the meaning of Section 3(5) of ERISA, 29 U.S.C. §1002(5), and Section 301(a) of the LMRA, 29 U.S.C. §185(c)

2

6. The Union is a labor organization within the meaning of 29 U.S.C. §185(a). The Union and the Company have been parties to a collective bargaining agreement, which became effective June 1, 2013. ("Agreement"). (A copy of the the Agreement entered into between the Union and the Company which Agreement adopts and incorporates Master Agreements between the Union and various employer associations, and also binds the Company to the Funds' respective Agreements and Declarations of Trust is attached hereto as Exhibit A.)

7. The Funds have been duly authorized to serve as collection agents for the Union in that the Funds have been given the authority to collect from employers union dues which should have been or have been deducted from the wages of covered employees. Further, the Funds have been duly authorized by the construction and General Laborers' District Council of Chicago and Vicinity Training Fund (the "Training Fund"), the Midwest Construction Industry Advancement Fund ("MCIAF"), the Chicagoland Construction Safety Council (the "Safety Fund"), the Laborers' Employers' Cooperation and Education Trust ("LECET"), the Concrete Contractors' Association ("CCA"), the CDCNI/CAWCC Contractors' Industry Advancement Fund (the "Wall & Ceiling Fund"), the CISCO Uniform Drug/Alcohol Abuse Program ("CISCO"), and the Laborers' District Council Labor Management Committee Cooperative ("LDCMC") to act as an agent in the collection of contributions due to those funds.

8. The Agreement and the Funds' respective Agreements and Declarations of Trust obligate the Company to make contributions on behalf of its employees covered by the Agreement for pension benefits, health and welfare benefits, for the training fund and to submit monthly remittance reports in which the Company, *inter alia*, identifies the employees covered under the Agreement and the amount of contributions to be remitted to the Funds on behalf of

3

each covered employee. Pursuant to the terms of the Agreement and the Funds' respective Agreements and Declarations of Trust, contributions which are not submitted in a timely fashion are assessed 20 percent liquidated damages plus interest.

9. The Agreement and the Funds' respective Agreements and Declarations of Trust require the Company to submit its books and records to the Funds on demand for an audit to determine benefit contribution compliance.

10. Notwithstanding the obligations imposed by the Agreement and the Funds' respective Agreements and Declarations of Trust, Company performed covered work during the audit period of June 1, 2014 through March 31, 2016, (a true and accurate copy of the audit is attached hereto as Exhibit B) which revealed that Company has

(a) failed to report and pay contributions in the amount of $6,867.69 owed to Plaintiff Laborers' Pension Fund for the audit period of June 1, 2014 through March 31, 2016, thereby depriving the Laborers' Pension Fund of contributions, income and information needed to administer the Fund and jeopardizing the pension benefits of the participants and beneficiaries;

(b) failed to report and pay contributions in the amount of $6,594.29 owed to Plaintiff Laborers' Welfare Fund of the Health and Welfare Department of the Construction and General Laborers' District Council of Chicago and Vicinity for the period of June 1, 2014 through March 31, 2016, thereby depriving the Welfare Fund of contributions, income and information needed to administer the Fund and jeopardizing the health and welfare benefits of the participants and beneficiaries;

(c) failed to report and pay contributions in the amount of $2,571.15

owed to Plaintiff Laborers' District Council Retiree Health and Welfare Fund of the Construction and General Laborers' District Council of Chicago and Vicinity for the period of June 1, 2014 through March 31, 2016, thereby depriving the Welfare Fund of contributions, income and information needed to administer the Fund and jeopardizing the health and welfare benefits of the participants and beneficiaries

  (d) failed to report and pay contributions in the amount of $330.38 owed to Laborers' Training Fund for the period of June 1, 2014 through March 31, 2016, thereby depriving the Laborers' Training Fund of contributions, income and information needed to administer the Fund and jeopardizing the training fund benefits of the participants and beneficiaries;

  (e) failed to report and pay contributions in the amount of $94.37 owed to Laborers' District Council Labor Management Committee Cooperative ("LDCLMCC") for the audit period of June 1, 2014 through March 31, 2016, thereby depriving the LDCLMCC of contributions, income and information needed to administer the Fund and jeopardizing the benefits of the participants and beneficiaries;

  (f) failed to report and pay contributions in the amount of $46.26 owed to Concrete Contractors' Association Fund ("CCA") for the audit of June 1, 2014 through March 31, 2016, thereby depriving the ISPA of contributions, income and information needed to administer the Fund and jeopardizing the benefits of the participants and beneficiaries; and

  (g) failed to report and pay contributions in the amount of $52.86 owed to Laborers' Employers' Cooperation and Education Trust ("LECET") for the audit

of June 1, 2014 through March 31, 2016, thereby depriving the LECET of contributions, income and information needed to administer the Fund and jeopardizing the benefits of the participants and beneficiaries.

12. Under the terms of the Agreements and the Funds' respective Agreements and Declarations of Trust, Company owes liquidated damages plus interest on all unpaid contributions.

13. Under the terms of the Agreement and the Funds' respective Agreements and Declarations of Trust, Company is liable for the costs of any audit which reveals unpaid contributions. Accordingly, Company owes the Funds $1,512.00 in audit costs for the audit for the period of June 1, 2014 through March 31, 2016.

14. Company's actions in failing to submit payment upon an audit to which it submitted its books and records violate Section 515 of ERISA, 29 U.S.C. §1145.

15. Pursuant to Section 502(g)(2) of ERISA, 29 U.S.C. §1132 (g)(2), Section 301 of the LMRA, 29 U.S.C. §185, federal common law, the terms of the Agreement and the Funds' respective Trust Agreements, Company is liable to the Funds for delinquent contributions, liquidated damages, interest, audit costs, attorneys' fees and costs, and such other legal and equitable relief as the Court deems appropriate.

WHEREFORE, Plaintiffs respectfully request this Court enter a judgment against Defendant B & E Aquatics, Inc.:

    a. entering judgment in sum certain in favor of the Funds and against Company on the amounts due and owing pursuant to the audit for the period of June 1, 2014 through March 31, 2016, including contributions, interest, liquidated damages, audit costs, and Plaintiffs' reasonable

attorneys' fees and costs; and

b. awarding Plaintiffs any further legal and equitable relief as the Court deems appropriate.

## COUNT II

### (Failure to Pay Union Dues as Revealed by an Audit)

16. Plaintiffs reallege paragraphs 1 through 15 as though fully set forth herein.

17. Pursuant to agreement, the Funds have been duly designated to serve as collection agents for the Union in that the Funds have been given the authority to collect from employers union dues which have been or should have been deducted from the wages of covered employees.

18. Notwithstanding the obligations imposed by the Agreement, Company performed covered work during the audit period and Company failed to withhold and/or submit payment of $1,006.35 in union dues that were or should have been withheld from the wages of employees for the period of June 1, 2014 through March 31, 2016, thereby depriving the Union of information and income. See Exhibit B.

19. Pursuant to the Agreement, Company owes liquidated damages on all late or unpaid dues. Accordingly, Company owes liquidated damages for the unpaid union dues revealed as due and owing on the audit as well as audit costs, reasonable attorneys' fees and costs as the Union's collection agent, and such other legal and equitable relief as the Court deems appropriate. See Exhibit B-1.

20. Pursuant to the Agreement Company is liable to the Funds for any unpaid union dues revealed by the audit as well as liquidated damages, audit costs, reasonable attorneys' fees and costs

as the Union's collection agent, and such other legal and equitable relief as the Court deems appropriate

WHEREFORE, Plaintiffs respectfully request this Court enter a judgment against Defendant B & E Aquatics, Inc.:

    a.    entering judgment in sum certain in favor of the Funds and against Company on the amounts due and owing pursuant to the audit for the period of June 1, 2014 through March 31, 2016, including dues, liquidated damages, audit costs, and Plaintiffs' reasonable attorneys' fees and costs; and

    b.    awarding Plaintiffs any further legal and equitable relief as the Court deems appropriate.

October 18, 2016                                              Laborers' Pension Fund, et al.

                                                                       By: /s/ Jerrod Olszewski
                                                                                 Jerrod Olszewski

Jerrod Olszewski
Office of Fund Counsel
Laborers' Pension and Welfare Funds
111 W. Jackson Blvd., Suite 1415
Chicago, IL 60604
(312) 692-1540



# CONSTRUCTION & GENERAL LABORERS
## DISTRICT COUNCIL OF CHICAGO AND VICINITY
AFFILIATED WITH THE LABORERS INTERNATIONAL UNION OF NORTH AMERICA
999 McCLINTOCK DRIVE • SUITE 300 • BURR RIDGE, IL 60527 • PHONE: 630/655-8289 • FAX: 630/655-8653

### INDEPENDENT CONSTRUCTION INDUSTRY COLLECTIVE BARGAINING AGREEMENT

It is hereby stipulated and agreed by and between **B&E Aquatics Inc.** ("Employer") and the Construction and General Laborers' District Council of Chicago and Vicinity, Laborers' International Union of North America ("Union"), representing and encompassing its affiliated Local Unions, including Local Nos. 1, 2, 4, 5, 6, 25, 75, 76, 96, 118, 149, 152, 225, 269, 288, 582, 681, 1001, 1035, 1092, together with any other Local Unions that may come within its jurisdiction ("Local Unions"), and encompassing the geographic areas of Cook, Lake, DuPage, Will, Grundy, Kendall, Kane, McHenry and Boone counties, Illinois, that:

1. **Recognition.** [body text paragraph]

2. **Labor Contract.** [body text paragraph]

3. **Total economic increase.** [body text paragraph, mentioning $2.90, $3.00, $3.10, and $31.55 per hour]

4. **Dues Checkoff.** [body text paragraph, 1.75%]

5. **Work Jurisdiction.** [body text paragraph]

6. **Subcontracting.** [body text paragraph]

7. **Fringe Benefits.** [body text paragraph]

8. **Contract Enforcement.** [body text paragraph]

9. **Successors.** [body text paragraph]

10. **Termination.** This Agreement shall remain in full force and effect from June 1, 2006 (unless dated differently below) through May 31, 2010, and shall continue thereafter unless there has been given written notice, by certified mail by either party hereto, received no less than sixty (60) nor more than ninety (90) days prior to the expiration date, of the desire to modify or amend this Agreement through negotiations. [continues]

11. **Execution.** [body text paragraph]

Dated: **MARCH 20**, 20 **07**

ACCEPTED:

Laborers' Local Union No. **152**

By: _[signature]_
CONSTRUCTION AND GENERAL LABORERS'
DISTRICT COUNCIL OF CHICAGO AND VICINITY

By: _[signature]_ James P. Connolly, Business Manager

By: _[signature]_ Frank Riley, President & Secretary-Treasurer

For Office Use Only: _____

**B&E Aquatics Inc.**
(Employer)

FEIN No.: _[redacted]_

By: **Cole Eshleman** **Pres.**
(Print Name and Title)

_[signature]_
(Signature)

**1814 Valley View Dr**
(Address)

**Freeport IL 61032**
(City, State and Zip Code)

**815-333-3061**    **815-232-7777** Fax
(Telephone/Telefax)

RECEIVED APR 12 2007 FIELD DEPT.

Effective June 1, 2006    WHITE - LOCAL UNION  •  CANARY - TRUST FUND  •  PINK - DISTRICT COUNCIL  •  GOLD - EMPLOYER



EXHIBIT A

<u>B&E Aquatics, Inc.</u>
<u>2758 US Highway 34</u>
<u>Oswego, IL 60543</u>

<u>Employer Number:34679</u>

<u>June 1, 2014 to March 31, 2016</u>



# LEGACY
## PROFESSIONALS LLP
### CERTIFIED PUBLIC ACCOUNTANTS

August 15, 2016

Board of Trustees
Pension and Welfare Funds of Construction and General
  Laborers' District Council of Chicago and Vicinity
11465 Cermak Rd.
Westchester, Illinois 60154

We have applied certain procedures, as discussed below, to the payroll records of B&E Aquatics, Inc., a contributing employer to the Pension and Welfare Funds of Construction and General Laborers' District Council of Chicago and Vicinity, for the period June 1, 2014 to March 31, 2016. The purpose of our review was to assist you in determining whether contributions to the Trust Funds are being made in accordance with the collective bargaining agreements in effect and with the Trust Agreements of the Funds. The propriety of the contributions is the responsibility of the employer's management.

Our procedures included a review of the pertinent provision of the collective bargaining agreements and compared underlying employer payroll records to Fund contribution records. The employer records we reviewed included payroll journals, individual earnings records, payroll tax returns, contribution reports, job classifications, and general disbursement records as appropriate. The scope of this engagement was limited to records made available by the employer and would not necessarily disclose all exceptions in employer contributions to the Trust Funds. Any compensation paid to employees not disclosed to us or made part of the written record was not determinable by us and was not included in our review.

Our procedures related to a review of the employer's payroll records only and did not extend to any financial statements of the contributing employer. The procedures were substantially less in scope than an audit of the financial statements of the contributing employer, the objective of which is the expression of an opinion on the contributing employer's financial statements. Accordingly, no such opinion is expressed.

The findings of this audit report should not be construed as an endorsement or ratification of any of the Employer's contribution practices. The finding is based solely on those documents that the Employer provided to the auditors. This firm has not been retained to provide, and does not provide, any interpretation or advice concerning any terms of the collective bargaining agreement between the Employer and the Union or the terms of the Funds' respective Agreement and Declarations of Trust. All questions concerning the Employer's contribution practices, or any contributions or benefits-related issue, should be directed to the Union or the Fund office. No failure to note an exception to any of the employer's contribution practices should be construed as a ratification of such practice or waiver of the Union or the Funds' ability to challenge such practice in the future.

The exceptions to employer contributions noted are detailed on the accompanying schedule.

*Legacy Professionals LLP*

## Laborers' District Council
### Reconciliation of Differences Per Year

| Fiscal Year Ending | 5-31-2011 | 5-31-2012 | 5-31-2013 | 5-31-2014 | 5-31-2015 | 5-31-2016 | Total Due |
|---|---|---|---|---|---|---|---|
| Fringe Hours Not Reported | | | | | 359.25 | 301.50 | 660.75 |
| Dues Hours Not Reported | | | | | 359.25 | 301.50 | 660.75 |
| Dues Wages Not Reported | | | | | 15,913.20 | 13,044.62 | 28,957.82 |
| **Dollar Amount Due** | | | | | | | |
| Welfare (Active) | | | | | 3,585.32 | 3,008.97 | 6,594.29 |
| Welfare (Retiree) | | | | | 1,365.15 | 1,206.00 | 2,571.15 |
| Pension | | | | | 3,635.61 | 3,232.08 | 6,867.69 |
| Training | | | | | 179.63 | 150.75 | 330.38 |
| CCA | | | | | 25.15 | 21.11 | 46.26 |
| LDCLMCC | | | | | 43.11 | 51.26 | 94.37 |
| LECET | | | | | 28.74 | 24.12 | 52.86 |
| Working Dues | | | | | 517.18 | 489.17 | 1,006.35 |
| **Total** | $ - | $ - | $ - | $ - | $ 9,379.89 | $ 8,183.46 | $ 17,563.35 |

| | | |
|---|---|---|
| Plus previous late charges assessed by Laborers' Pension and Welfare Funds | | $ - |
| Plus previous underpayments incurred to Laborers' District Council Funds | | $ - |
| Plus previous penalties incurred to Laborers' District Council Funds | | $ 84.57 |
| Audit Fee | | $ 1,512.00 |
| | Total Amount Due | $ 19,160.02 |

| | | | | |
|---|---|---|---|---|
| Employer Name: | B&E Aquatics, Inc. | Person Contacted: | Diane Jackson |
| Employer #: | 34679 | Date of Contact: | May 25, 2016 |
| Date of Audit: | July 1, 2016 | Telephone: | 630-365-5488 |
| Audit Period: | June 1, 2014 to March 31, 2016 | Auditor: | Jeffery Hatcher |

**Laborers' District Council**
Schedule of Deficiencies

| Employer Name: | B&E Aquatics, Inc. | | | | | Audit Period: | June 1, 2014 to March 31, 2016 |
| Employer Number: | 34679 | | | | | Date of Audit: | July 1, 2016 |
| Agreement Type: | *CCA | | | | | Field Auditor: | Jeffery Hatcher |

| SSN | Name | | 2014 | | | | | | 2015 | | | | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | Jan | Jul | Aug | Sep | Oct | Nov | Dec | Jan | Feb | Mar | Apr | May | |
| | Barrinetos, Norberto | Fringe Hours | 32.00 | | | | | | | | | | | | 32.00 |
| | | Dues Hours | 32.00 | | | | | | | | | | | | 32.00 |
| | | Dues Wages | 1,184.00 | | | | | | | | | | | | 1,184.00 |
| | Ramirez, Alejandro | Fringe Hours | | | | | | | | 8.00 | 19.00 | | | | 27.00 |
| | | Dues Hours | | | | | | | | 8.00 | 19.00 | | | | 27.00 |
| | | Dues Wages | | | | | | | | 320.00 | 780.00 | | | | 1,100.00 |
| | Ramirez, Fernando | Fringe Hours | | | | | | | | 16.00 | 138.00 | 49.00 | | | 203.00 |
| | | Dues Hours | | | | | | | | 16.00 | 138.00 | 49.00 | | | 203.00 |
| | | Dues Wages | | | | | | | | 672.80 | 6,664.93 | 2,081.47 | | | 9,419.20 |
| | Sanchez, Miguel | Fringe Hours | | | | | | | | | | 97.25 | | | 97.25 |
| | | Dues Hours | | | | | | | | | | 97.25 | | | 97.25 |
| | | Dues Wages | | | | | | | | | | 4,210.00 | | | 4,210.00 |
| | | Total Fringe Hours | 32.00 | | | | | | | 24.00 | 157.00 | 146.25 | | | 359.25 |
| | | Total Dues Hours | 32.00 | | | | | | | 24.00 | 157.00 | 146.25 | | | 359.25 |
| | | Total Wages | 1,184.00 | | | | | | | 992.80 | 7,444.93 | 6,291.47 | | | 15,913.20 |

| | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Welfare (Active) | $9.98 | 319.36 | | | | | | | 239.52 | 1,566.86 | 1,459.58 | | | 3,585.32 |
| Welfare (Retiree) | $3.80 | 121.60 | | | | | | | 91.20 | 596.60 | 555.75 | | | 1,365.15 |
| Pension | $10.12 | 323.84 | | | | | | | 242.88 | 1,588.84 | 1,480.05 | | | 3,635.61 |
| Training | $0.50 | 16.00 | | | | | | | 12.00 | 78.50 | 73.13 | | | 179.63 |
| CCA | $0.07 | 2.24 | | | | | | | 1.68 | 10.99 | 10.24 | | | 25.15 |
| LDCLMCC | $0.12 | 3.84 | | | | | | | 2.88 | 18.84 | 17.55 | | | 43.11 |
| LECET | $0.08 | 2.56 | | | | | | | 1.92 | 12.56 | 11.70 | | | 28.74 |
| Working Dues | 3.25% | 38.48 | | | | | | | 32.27 | 241.96 | 204.47 | | | 517.18 |
| SHEET TOTAL | | 827.92 | | | | | | | 624.35 | 4,115.15 | 3,812.47 | | | 9,379.89 |

# Laborers' District Council
## Schedule of Deficiencies

Employer Name: B&E Aquatics, Inc.
Employer Number: 34679
Agreement Type: *CCA

Audit Period: June 1, 2014 to March 31, 2016
Date of Audit: July 1, 2016
Field Auditor: Jeffery Hatcher

| SSN | Name | | Jun | Jul | Aug | Sep 2015 | Oct | Nov | Dec | Jan 2016 | Feb | Mar | Apr | May | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | Hartmann, Ron | Fringe Hours | | | | | | | 5.50 | 4.00 | | | | | 9.50 |
| | | Dues Hours | | | | | | | 5.50 | 4.00 | | | | | 9.50 |
| | | Dues Wages | | | | 178.00 | | | 215.64 | 156.80 | | | | | 550.44 |
| | Ramirez, Alejandro | Fringe Hours | | | | | | | | 48.00 | 48.00 | 22.50 | | | 118.50 |
| | | Dues Hours | | | | | | | | 48.00 | 48.00 | 22.50 | | | 118.50 |
| | | Dues Wages | | | | | | | | 1,977.60 | 1,977.60 | 927.00 | | | 4,882.20 |
| | Ramirez, Fernando | Fringe Hours | | 3.00 | | | | | 6.50 | 54.00 | 62.00 | 48.00 | | | 173.50 |
| | | Dues Hours | | 3.00 | | | | | 6.50 | 54.00 | 62.00 | 48.00 | | | 173.50 |
| | | Dues Wages | | 129.70 | | | | | 281.13 | 2,411.20 | 2,713.95 | 2,076.00 | | | 7,611.98 |
| | | Fringe Hours | | | | | | | | | | | | | |
| | | Dues Hours | | | | | | | | | | | | | |
| | | Dues Wages | | | | | | | | | | | | | |
| | | Fringe Hours | | | | | | | | | | | | | |
| | | Dues Hours | | | | | | | | | | | | | |
| | | Dues Wages | | | | | | | | | | | | | |
| | | Fringe Hours | | | | | | | | | | | | | |
| | | Dues Hours | | | | | | | | | | | | | |
| | | Dues Wages | | | | | | | | | | | | | |
| | | Fringe Hours | | | | | | | | | | | | | |
| | | Dues Hours | | | | | | | | | | | | | |
| | | Dues Wages | | | | | | | | | | | | | |
| | | Fringe Hours | | | | | | | | | | | | | |
| | | Dues Hours | | | | | | | | | | | | | |
| | | Dues Wages | | | | | | | | | | | | | |
| | Total Fringe Hours | | | 3.00 | | | | | 12.00 | 106.00 | 110.00 | 70.50 | | | 301.50 |
| | Total Dues Hours | | | 3.00 | | | | | 12.00 | 106.00 | 110.00 | 70.50 | | | 301.50 |
| | Total Wages | | | 129.70 | | 178.00 | | | 496.77 | 4,545.60 | 4,691.55 | 3,003.00 | | | 13,044.62 |

| | | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Welfare (Active) | $9.98 | | | 29.94 | | | | | 119.76 | 1,057.88 | 1,057.80 | 703.59 | | | 3,008.97 |
| Welfare (Retiree) | $4.00 | | | 12.00 | | | | | 48.00 | 424.00 | 440.00 | 282.00 | | | 1,206.00 |
| Pension | $10.72 | | | 32.16 | | | | | 128.64 | 1,136.32 | 1,179.20 | 755.76 | | | 3,232.08 |
| Training | $0.50 | | | 1.50 | | | | | 6.00 | 53.00 | 55.00 | 35.25 | | | 150.75 |
| CCA | $0.07 | | | 0.21 | | | | | 0.84 | 7.42 | 7.70 | 4.94 | | | 21.11 |
| LDCLMCC | $0.17 | | | 0.51 | | | | | 2.04 | 18.02 | 18.70 | 11.99 | | | 51.26 |
| LECET | $0.08 | | | 0.24 | | | | | 0.96 | 8.48 | 8.80 | 5.64 | | | 24.12 |
| Working Dues | 3.75% | | | 4.86 | | 6.68 | | | 18.63 | 170.46 | 175.93 | 112.61 | | | 489.17 |
| SHEET TOTAL | | | | 81.42 | | 6.68 | | | 324.87 | 2,875.58 | 2,983.13 | 1,911.78 | | | 8,183.46 |

## LEGACY PROFESSIONALS, LLP
## COMPLIANCE AUDIT INFORMATION SHEET

| | | | |
|---|---|---|---|
| EMPLOYER NAME | B&E Aquatics, Inc. | EMPLOYER # | 34679 |
| ADDRESS | 2758 US Highway 34 | PHONE # | 630-365-5488 |
| CITY/STATE/ZIP | Oswego, IL 60543 | FEIN # | [redacted] |
| DATE OF CONTACT | May 25, 2016 | AUDIT PERIOD | June 1, 2014 to March 31, 2016 |
| CONTACT'S NAME | Diane Jackson | TITLE | Office Manager |
| PERSON FUND IS TO CONTACT | SAME AS ABOVE | TITLE | SAME AS ABOVE |
| ENTITY TYPE | CORPORATION | FIELD REPRESENTATIVE | Mike Christopher |
| MAIN BUSINESS ACTIVITY | Contractor Aquatic Facilities | | |

AVERAGE NUMBER OF EMPLOYEES: 25

AVERAGE NUMBER OF CHICAGO LABORERS: 3

| OWNERSHIP-PRINCIPALS | TITLE | % | ADDRESS |
|---|---|---|---|
| James Barnes | | 50% | N/A |
| Cole Eschleman | | 50% | N/A |

BANKING FACILITIES USED AND ACCOUNT NUMBER: [redacted]

DOES EMPLOYER HAVE INTEREST IN OTHER OPERATIONS ?  ☐ YES  ☑ NO

IF YES, LIST NAME OF SAME

IS EMPLOYER A MEMBER OF ANY TRADE ORGANIZATION/ASSOCIATION?  ☐ YES  ☑ NO

IF YES, LIST NAME OF SAME

3

AUDIT DATE	July 1, 2016

AUDIT SITE (IF DIFFERENT FROM EMPLOYER'S ADDRESS):	4708 Wheeler Road
	Yorkville, IL 60560

ALL REQUIRED ACCOUNTING RECORDS WERE AVAILABLE WITH THE EXCEPTION OF: Annual Federal form 940 not available.

BRIEFLY DESCRIBE THE NATURE OF THE DELINQUENCY, IF ANY:	The employer failed to accurately report the hours worked and wages for covered individuals.

DID YOUR EXAMINATION UNCOVER ANYTHING SPECIAL OR UNUSUAL WHICH SHOULD BE BROUGHT TO THE ATTENTION OF THE FUND COUNSEL OR OTHER INTERESTED PERSONS?

☐ YES    ☑ NO

IF YES, EXPLAIN:

AUDITOR:	Jeffery Hatcher

4

10/17/16

LABORERS' PENSION & WELFARE FUNDS

AUDIT 6-1-2014-3-31-2016

EMPLOYER B&E AQUATICS INC                CODE 34679

FOLLOWING ARE THE FIGURES OWED BY THE ABOVE MENTIONED CONTRACTOR AS A RESULT OF THE AUDIT.

| ADDITIONAL HOURS | HOURS | WELFARE | RATE | RETIREE WELFARE | RATE | PENSION | RATE | TRAINING FUND | RATE | DUES | LDC/LMCC | RATE | CCA | RATE | LECET | RATE | TOTAL |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 6-1-2014-5-31-2015 | 359.25 | 3,585.32 | 9.98 | 1,365.15 | 3.80 | 3,635.61 | 10.12 | 179.63 | 0.50 | 517.18 | 43.11 | 0.12 | 25.15 | 0.07 | 28.74 | 0.08 | 9,379.89 |
| 6-1-2015-5-31-2016 | 301.50 | 3,008.97 | 9.98 | 1,206.00 | 4.00 | 3,232.08 | 10.72 | 150.75 | 0.50 | 489.17 | 51.26 | 0.17 | 21.11 | 0.07 | 24.12 | 0.08 | 8,183.46 |
| MEN NOT REPORTED | | | | | | | | | | | | | | | | | |
| SUBTOTAL | 660.75 | 6,594.29 | | 2,571.15 | | 6,867.69 | | 330.38 | | 1,006.35 | 94.37 | | 46.26 | | 52.86 | | 17,563.35 |
| 10% LIQUIDATED DAMAGES | | 1,318.86 | | 514.23 | | 1,373.54 | | 66.08 | | 100.64 | 9.44 | | 9.25 | | 5.29 | | 3,281.36 |
| 20% LIQUIDATED DAMAGES | | | | | | | | | | | | | | | | | |
| AUDIT COSTS | | 378.00 | | 378.00 | | 756.00 | | | | | | | | | | | 1,512.00 |
| ATTORNEY FEES | | | | | | | | | | | | | | | | | |
| ACCUM. LIQUIDATED DAMAGES | | | | | | | | | | 84.67 | | | | | | | 84.67 |
| ACCUM. INTEREST | | 477.28 | | 181.73 | | 483.98 | | 23.91 | | | 5.74 | | 3.35 | | 3.83 | | 1,179.82 |
| TOTAL DUE | | 8,768.43 | | 3,645.11 | | 9,481.21 | | 420.37 | | 1,191.66 | 109.55 | | 58.86 | | 61.98 | | 23,737.17 |


EXHIBIT B-1